## In the matter of Gibson
*[Cite as 2 AOA 39]*

*Case No. 89CA50*
*Miami County, (2nd)*
*March 28, 1990*

*R.C. 2151.23*
*R.C. 3109.05*
*R.C. 3109.05.1*

*Gary L. Weaks, 80 South Plum Street, Troy, Ohio 45373 Attorney for Complainant-Appellant.*

*Jeffrey E. Froelich, 1812 Kettering Tower, Dayton, Ohio 45423, Attorney for Respondents/Appellees.*

WOLFF, P.J.

The question presented in this appeal is whether the juvenile court is authorized to order a *married* couple to afford a grandparent of *their* child visitation with the child. The juvenile court held that it lacked such authority. We agree, and, therefore, affirm its order dismissing a complaint which sought an order compelling unwilling, married parents to afford their child' grandfather visitation with the child.

The grandfather, Paul D. Gilbert, file a "complaint or visitation rights with grandson", citing R.C. 3109.05(B) as authority for the juvenile court's granting visitation. The trial court *ex parte* granted temporary visitation pending final determination of the complaint. The child's parents, Steve and Bonnie Gibson, moved to dissolve the temporary visitation order and to dismiss the complaint, citing *In re Whitaker* (1988), 36 Ohio St. 3d 213 for the proposition that grandparents' visitation rights "do not vest until the occurrence of a disruptive precipitating event, such as parental death or divorce." The juvenile court dissolved the temporary visitation order and dismissed the complaint. In overruling a motion

for reconsideration, it stated in part:

"R.C. 3109.05(A) gives the Court authority to order child support in a divorce, dissolution, alimony or child support proceeding and (B) authorizes the Court to make orders of visitation including, in the discretion of the Court, orders to persons other than the parents having an interest in the welfare of the child. Certainly grandparents fall within that category."

The Juvenile Court as a division of the Common Pleas Court, hear (sic) only the jurisdiction conferred by the Constitution and the Statues. The only section addressing visitation is (B) of R.C. 3109.05. If this is separable from (A), then it could be argued that visitation as a sole issue can be addressed by a Court of competent jurisdiction. Without making comment as to whether the General Division of the Common Pleas Court has jurisdiction, this Court cannot find any of the aforementioned sections imposing jurisdiction on Juvenile Court except as a corollary of another proceeding. In other words, if the complainants herein were seeking custody of their grandchild, the Court could award them visitation as part of that proceeding, even if they were unsuccessful in their pursuit.

Gilbert advances a single assignment of error on appeal:

"The trial court erred in granting appellees motion to dismiss in finding that the juvenile division of the common pleas court has no jurisdiction to entertain the complaint of a paternal grandparent seeking visitation rights with his minor grandchild."

The juvenile court was correct in concluding that R.C. 3109.05(B), which authorizes court ordered grandparent visitation, is only implicated where there is a divorce, dissolution of marriage, alimony, or child support proceeding. See R.C. 3109.05(A). This was entirely in keeping with *In re Whitaker, supra*, which states at 215:

"Ohio has two statutes that confer visitation rights upon nonparents: R.C. 3109.11 and 3109.05(B). The former grants visitation rights to relatives of a deceased parent. The latter, which is the statutory provision at issue in this case, provides that in a divorce, dissolution of marriage, alimony or child-support proceedings (the trial court may make an order permitting visitation by the non-custodial parent or any other person having an interest in the welfare of the child)."

On appeal, Gilbert appears to have abandoned his reliance upon R.C. 3109.05(B), and resorts instead to R.C. 2151.23. His argument is stated at pp. 5-6 of his brief:

"It is the contention of the Appellant that the juvenile Division of the Common Pleas Court does have jurisdiction to determine visitation of a minor child."

Section 2151.23 of the Revised Code provides in part:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code:...

"(2) To determine the custody of any child not a ward of another court of this state;..."

In 1986, the legislature amended Section 2151.23 by adding the following Subsection:

"...(F) (1) The juvenile court shall exercise its jurisdiction in child custody matters in accordance with Section 3109.04, 3109.21 to 3109.36, and 5103.20 to 5103.28 of the Revised Code..."

It is the contention of the Complaint (sic)-Appellant that when the legislature added Subsection (F) (1) to Section 2151.23 of the Revised Code, the legislature specifically intended the Juvenile Court, in considering any child custody matters, to follow the guidelines and definitions contained in the various Sections delineated in Subsection (F) (1), including Section 3109.21.

The only statutory definition of "custody determination" in Ohio Revised Code appears in Section 3109.21(B) which states as follows:

(B) "Custody determination" means a court decision and court orders and instructions providing for the custody of a child, *including visitation rights*." (underlining added)

Therefore, it is clear that the legislature in granting to the Juvenile Court exclusive original jurisdiction to determine the custody of any child not a ward of another Court of this State, further legislated that a custody determination in the Juvenile Court by definition includes visitation rights.

The fact that Gilbert is resorting to R. C. 2151.23 for the first time in this court would be reason enough to reject this argument. But putting the lack of timeliness aside, we conclude that the argument lacks merit. First of all, Gilbert did not seek custody of the child. R. C. 2151.23(A)(2). That in itself is reason to conclude that the directives of R. C. 3109.21(B), upon which Gilbert places heavy reliance, is part of the definitions section of the Uniform Child Custody Jurisdiction Act as adopted by Ohio R. C. 3109.21-37. The uniform act has no application to this controversy, involving a Montgomery County, Ohio grandfather and Miami County, Ohio parents and child. Even assuming *arguendo* the applicability of R. C. 3109.21(B) to this situation, a provision for visitation rights in the absence of provision for custody is simply not

embraced by the definition of "custody determination."

During the pendency of this appeal, the 118th General Assembly enacted Am. Sub. H. B. 15, which provides, *inter alia*, for grandparent "companionship or visitation rights" in specific situations. R. C. 2105.18, as amended, and R. C. 3109.12, as newly enacted, provided for the granting of visitation rights to grandparents of a child born to an unmarried woman. R. C. 3109.11 continues the policy of providing a grandparent visitation with a child of his own deceased child. Newly enacted R. C. 3109.051 replaces R. C. 3109.05(B) as it related to visitation. Grandparent companionship and visitation rights continue to be tied to a divorce, dissolution of marriage, alimony, or child support proceeding, i. e. "a disruptive precipitating event." *In re Whitaker, supra,* at 215. The legislature has not seen fit to authorize Ohio courts to impose grandparent companionship and visitation orders upon married couples who are unwilling to afford visitation or companionship to *their* child's grandparent.

The assignment of error is overruled. Judgment will be affirmed.

*Judgment affirmed.*

BROGAN, J. and GRADY, J., Concur.